UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DONALD E. CHILCOAT,** | ) | **CASE NO. 3:23 CV 1729** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **UNITED STATES GOVERNMENT,** | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Donald E. Chilcoat filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Chilcoat has been charged in the United States District Court for the District of Columbia with multiple federal offenses in connection with the January 6, 2021 riot at the Capitol Building. *United States v. Chilcoat*, No. 1:22-cr-00299-CKK-2 (D.C.D. indictment filed Sept. 9, 2022). He was under house arrest in Toledo, Ohio awaiting trial; however, it appears he was arrested on a bench warrant for removing his ankle bracelet monitor and may be en route to the District of Columbia. *Id.* (ECF. No. 80). He filed this habeas petition under § 2241, claiming: (1) that the government lacks standing to prosecute him without a victim or a monetary loss; (2) he is not a threat to society and should be released; and (3) he withdrew his consent to prosecution. He asks this Court to review the criminal case against him in the United States District Court for the District of Columbia, decide that the

District of Columbia has no jurisdiction over him and order the Honorable Colleen Kollar-Kotelly to dismiss his case.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

A pretrial detainee may pursue habeas relief under 28 U.S.C. § 2241. *See Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir.1981). Although §2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus Petitions, the Courts should abstain from the exercise of that jurisdiction if the issues raised in the Petition may be resolved either by trial on the merits or by other procedures available to the Petitioner. *See, e.g., Fay v. Noia*, 372 U.S. 391, 417-20 (1963); *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976); *United States ex rel. Scranton v. New York*, 532 F.2d 292 (2d Cir.1976). The

claims raised in this Petition can and should be raised in his criminal case in the District Court for the District of Columbia. He cannot assert them in this Court in this habeas petition.

Accordingly, this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

11/27/2023

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**